UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DALE PRESNELL and LORI PRESNELL,

       Plaintiffs,

       v.

COTTRELL, INC. and UNITED ROAD
SERVICES, INC.,

       Defendants.

Case No. 09-cv-656-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiffs Dale Presnell and Lori Presnell (collectively, "the Presnells") to remand this case to state court (Doc. 10).  Defendants Cottrell, Inc. ("Cottrell") and United Road Services, Inc. ("United") have filed their respective responses to the motion (Docs. 17 & 18), and the Presnells have replied to those responses (Doc. 20).

As a preliminary matter, the Court is dismayed by the tone of the Presnells' reply brief (Doc. 20).  The Presnells' counsel make *ad hominem* argument attacking the integrity of Cottrell's counsel instead of the merits of this dispute.  For example, counsel accuses Cottrell's counsel of defamation, of labeling the Presnells' counsel as "evil," and of intentionally misleading the Court.  Cottrell's counsel did none of these things.  The Presnells' counsel's behavior in making such accusations is unacceptable, and the Court will not tolerate it.  The Court therefore warns counsel for the Presnells that, should these types of statements recur in this case or any other case in which counsel appear before this Court, the Court may impose monetary sanctions on counsel without further warning.  The Court now turns to the substance of the pending motion.

I.      **Background**

The Presnells originally filed this case in the Circuit Court for the Twentieth Judicial

Circuit in St. Clair County, Illinois.  They allege that Dale Presnell was injured when he fell

from a car-hauling trailer designed and manufactured by Cottrell.  Dale Presnell alleges that the

defendants are liable for his injuries under theories of products liability, negligence, breach of

implied warranty, fraud and willful and wanton injury.  Lori Presnell also seeks to recover for

loss of consortium.  The plaintiffs plead that they seek a sum greater than $50,000 in

compensatory damages, and two of Dale Presnell's claims also seek punitive damages in an

amount in excess of $50,000.

Believing that the Presnells, citizens of Tennessee, are completely diverse from the

defendants and that more than $75,000 is in issue, exclusive of interest and costs, Cottrell

removed this case to federal court under 28 U.S.C. § 1441(a), relying on the Court's original

diversity jurisdiction under 28 U.S.C. § 1332(a).

The Presnells now ask the Court to remand this case for two reasons:  (1) Cottrell failed

to attach the summons to his notice of removal as required by 28 U.S.C. § 1446(a) and (2)

Cottrell has not established that more than $75,000 is in issue, exclusive of interest and costs, as

required by 28 U.S.C. § 1332(a).[1]  Believing United was an Illinois citizen, the Presnells also

initially challenge the removal on the basis of the forum defendant rule of 28 U.S.C. § 1441(b),

---

[1]The Presnells raise this argument as an afterthought in the final paragraph of the argument section of their motion after having failed to reference it in their introductory summary of arguments.  Their argument is cursory and unsupported by any reference to caselaw.  Ordinarily perfunctory, underdeveloped and unsupported arguments such as this are waived.  *See Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000).  However, because the Presnells' argument goes to the issue of subject matter jurisdiction, which cannot be waived, the Court will address it.

2

which provides for removal of diversity actions "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." However, in their reply brief, they concede that United is not an Illinois citizen and that the forum defendant rule does not prohibit removal of this action.

In response[2], Cottrell asserts that its omission of the summons from the notice of removal was in compliance with the filing instructions posted on the Court's website and does not amount to a removal defect. Alternatively, it argues the omission of the summons has no effect on the Court's jurisdiction. Cottrell also argues that the demand for $50,000 in compensatory damages and $50,000 in punitive damages along with the extensive injuries alleged in the complaint shows the minimum amount in controversy requirement of 28 U.S.C. § 1332(a) is met. Finally, it asserts the Court has supplemental jurisdiction over Lori Presnell's claim under 28 U.S.C. § 1367(a) because it forms part of the same case or controversy as Dale Presnell's claims, which satisfy the diversity jurisdiction requirements of 28 U.S.C. § 1332(a).

## II.    Analysis

A defendant may remove to federal court a case filed in state court if the federal court would have had jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). In this case, Cottrell relies on original federal diversity jurisdiction under 28 U.S.C. § 1332(a), which requires that the parties be completely diverse and that the amount in controversy exceed $75,000 exclusive of interest and costs. "The party seeking removal has the burden of establishing

---

[2]United's response addresses only the forum defendant rule argument, which the Presnells have conceded has no merit. The Court therefore omits from this order discussion of United's brief, as well as the portions of Cottrell's brief addressing the forum defendant rule.

federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). The Court begins with the Presnells' amount in controversy argument since it raises a jurisdictional question and will then address the procedural argument regarding the content of the notice of removal.

A.   <u>Amount in Controversy</u>

The Presnells no longer dispute that the parties are completely diverse, but they continue to assert that the minimum amount in controversy – $75,000 exclusive of interest and costs – is not satisfied. They argue the Court should not consider punitive damages in calculating the amount in controversy because there has been no state court hearing to determine the availability of punitive damages. *See* 735 ILCS 5/2-604.1. In response, Cottrell points to the nature of Dale Presnell's alleged injuries to argue that it is not legally impossible for him to recover more than $75,000.

The Court need not address the propriety of including punitive damages because the allegations in the complaint clearly show that more than $75,000 in compensatory damages alone is in issue.

Cottrell, as the party seeking to invoke federal jurisdiction, bears the burden of demonstrating by a preponderance of the evidence facts showing that Dale Presnell[3] stands to recover more than $75,000 in the suit. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Rising-*

---

[3]It appears that Lori Presnell relies on supplemental jurisdiction under 28 U.S.C. § 1367(a) because her claim is part of the same case or controversy as her husband's claims. Thus, the Court discusses the amount in controversy solely with respect to Dale Presnell's claims.

*Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  After the Court decides any contested facts relevant to the amount in controversy, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum."  *Meridian*, 441 F.3d at 542;  *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  In removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed.  *Meridian*, 441 F.3d at 538; *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993).  Thus, in this case, Cottrell must establish by a preponderance of the evidence facts showing that more than $75,000 was at issue at the time it filed its notice of removal on August 24, 2009.

There are really no contested jurisdictional facts in this case.  No one disputes that Dale Presnell has alleged serious and permanent injuries:

> Plaintiff has suffered and will continue to suffer pain and mental anguish; plaintiff's injuries are to his back, head and related areas.  Plaintiff's injuries are disfiguring and are permanent in nature; plaintiff has been required to expend large sums of money in order to obtain medical treatment for his injuries and will be required to expend additional sums in the future; plaintiff has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future; plaintiff has sustained wage loss and has been damaged in his capacity to earn wages in the future; plaintiff's condition is such that he may be forced to expend sums of money for vocational rehabilitation and/or convalescent care. Plaintiff may be forced to retire early.

Compl. ¶ 16.  The plaintiffs' complaint and affidavit in support allege that these various injuries amount to a sizeable sum – at least $50,000.  When a complaint quantifies claimed damages, that number controls unless recovering that amount would be legally impossible.  *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, (7th Cir. 2006) (citing *Rising-Moore*, 435 F.3d at 815-16)); *see Chase*, 110 F.3d at 428 ("In a case for money damages, where the amount defendant stands

5

to lose is equal to the amount plaintiff stands to gain from judgment, the appropriate focus in determining the amount in controversy is on plaintiff's assessment of the value of her case."). Considering the alleged severity and permanence of the claimed injuries, Dale Presnell's claim to at least $50,000 appears to be in good faith, and recovery of that amount is to be legally possible. Given the factual allegations, it is also apparent that the value of Dale Presnell's injuries could exceed $75,000. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (finding plea for more than $50,000 and allegations of serious and multifaceted injury satisfied jurisdictional requirement); *see also Chase*, 110 F.3d at 429 (finding that $4,400 in actual medical expenses did not foreclose possibility that more than $50,000 was at issue in light of numerous types of damages sought). Therefore, the amount in controversy at the time of removal exceeded $75,000, and the Court has removal jurisdiction over this case.

B.   <u>Omission of Summons</u>

The Presnells also assert that Cottrell's notice of removal does not comply with the requirement in 28 U.S.C. § 1446(a) that a removing defendant "shall file in the district court . . . a notice of removal . . . together with a copy of all process, pleadings, and orders . . . in such action." They argue that remand under 28 U.S.C. § 1447(c) is justified based on this procedural defect. On the other side, Cottrell argues its notice of removal was not defective because it contained all the documents required by the filing instructions contained on the Court's website, which indicates that a removing defendant is required to file the original notice of removal, a civil cover sheet, a copy of the complaint filed in state court, a copy of the answer and any pending pleadings or motions needing court action. *See* Filing Requirements In Civil Matters § 2.06.00 Removal of Case from State Court (2009), at http://www.ilsd.uscourts.gov/instructionsfiling.html, (last visited Nov. 25, 2009).

The lack of the summons is a procedural defect in Cottrell's notice of removal because it does not affect the Court's original jurisdiction over this case, which is discussed in the foregoing section of this order.  It should go without saying that when a district court's website filing instructions are inconsistent with a federal statute, the federal statute prevails.  Here, 28 U.S.C. § 1446(a) clearly requires a copy of all process, including the summons, to be filed with a notice of removal.  Cottrell failed to do this, and the removal is therefore defective.[4]

However, the procedural defect is not necessarily fatal to Cottrell's removal.  Where the procedural defect is minor, it does not require remand if the remedy is curable and, in the Court's judgment, would be too drastic considering the defect.  *See Mitskovski v. Buffalo & Ft. Erie Public Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006) (remand for failure to file a state court document index as required by local rule was abuse of discretion because "too drastic a remedy for such a minor noncompliance");  *see also Shaw v. Dow Brands, Inc.*, 994 F.2d 364, (7th Cir. 1993) (declining to punish defendant for "a technicality that doesn't go to the heart of jurisdiction" where notice omitted explanation of lack of consent from all defendants).  A procedural defect does not affect the Court's otherwise proper jurisdiction to consider a case.  *See Riehl v. National Mut. Ins. Co.,* 374 F.2d 739 (7th Cir. 1967);  *Boxdorfer v. Daimlerchrysler Corp.*, 396 F. Supp. 2d 946, 951 (C.D. Ill. 2005), *aff'd sub nom Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006).

In such cases, a court may allow amendment of a notice of removal to cure a procedural defect even after the 30-day removal period as long as original federal jurisdiction exists and

---

[4]The Court notes that its website list does not purport to be an exhaustive list of the documents that must be filed when a case is removed.  Nevertheless, the Court acknowledges that the website list may cause confusion.

amendment does not assert a completely new basis for that jurisdiction. *See Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) (amendment to notice of removal cured procedural defect of failure to explain absence of written consent from a defendant where basis for absence was evident in state court record); *Boxdorfer*, 396 F. Supp. 2d at 950-51 (omission of original complaint from notice of removal curable procedural defect).

The omission of documents required to be filed with the notice of removal does not require remand if the Court is able to determine its jurisdiction from the documents filed and the plaintiff is not prejudiced by the omission. The requirement in 28 U.S.C. § 1446(a) that the removing defendant file copies of all process, pleadings and orders is "obviously intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried." *Riehl*, 374 F.2d at 742. If the filings are sufficient to accomplish this purpose, the omission of a copy of the summons from the notice of removal is a curable, technical defect that does not require remand. *See, e.g., Anderson v. Federated Mut. Ins. Co.*, No. 00-C-0312-C, 2000 WL 34228194, at * 2 (W.D. Wis. Aug. 15, 2000) (amendment of notice of removal to replace incorrect summons attached to original notice cured defect); *International Gateway Communications, Inc. v. Communication Telesys. Int'l, Inc.*, 922 F. Supp. 122, 124 (N.D. Ill. 1996) (omission of summons curable by amending notice of removal). Furthermore, the omission of a summons presumably causes no prejudice to the plaintiff, who originally prepared the summons and knows its content. *See Anderson*, 2000 WL 34228194, at * 2; *International Gateway*, 922 F. Supp. at 124.

Here, the omission of the summons from the notice of removal is a minor defect in light of the purpose of the removal filing requirements and the fact that there is no dispute over the timeliness of the notice. Cottrell filed sufficient documentation to allow the Court to assess its

8

jurisdiction and to delineate the issues to be tried.  Thus, the purpose of § 1446(a) has been served.  Furthermore, the Presnells were not prejudiced by Cottrell's failure to attach the summons because they had originally prepared it and were therefore already familiar with its contents.  Indeed, they first filed a copy of the summons in this case as an attachment to their motion to remand.  Depriving Cottrell of the federal forum to which it is otherwise entitled by virtue of the Court's original diversity jurisdiction is too drastic a consequence for the curable, technical defect of omission of the summons from the notice of removal.  For this reason, the Court will deny the Presnells' motion to remand based on a procedural defect and will allow Cottrell to amend its notice of removal to cure the defect.

## III.    Conclusion

For the foregoing reasons, the Court **DENIES** the Presnells' motion to remand (Doc. 10) and **ORDERS** that Cottrell shall have up to and including December 23, 2009, to amend its notice of removal to include the required attachments.  Should Cottrell fail to timely amend its notice to cure the noted procedural defect, the Court will reconsider this ruling and remand this case pursuant to 28 U.S.C. § 1447(c) based on a procedural defect.

**IT IS SO ORDERED.**
**DATED:  December 14, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

9