UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALE PRESNELL and LORI PRESNELL, | |
| Plaintiffs, | |
| v. | Case No. 09-cv-656-JPG |
| COTTRELL, INC. and UNITED ROAD SERVICES, INC., | |
| Defendants. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant United Road Services, Inc. ("United") to transfer this case to the United States District Court for the Eastern District of Michigan or, in the alternative, to the United States District Court for the Eastern District of Tennessee (Doc. 43). Defendant Cottrell, Inc. has joined in the motion (Doc. 49). Plaintiffs Dale Presnell and Lori Presnell (collectively, "the Presnells") have responded to the motion agreeing that the case should be transferred but asking that it be transferred to the United States District Court for the Northern District of Georgia or, in the alternative, "to a Court in Tennessee of plaintiff's [*sic*] choice" (Doc. 51). United has filed a reply to the Presnells' response (Doc. 54).

**I.    Background**

Plaintiff Dale Presnell was an over-the-road truck driver employed by URS Midwest, Inc., a wholly owned subsidiary of United. On December 18, 2008, he was delivering vehicles at Buff Whelan Chevrolet in Sterling Heights, Michigan. In the process of making the delivery, he allegedly fell from a car-hauler rig and was injured. An employee of Buff Whelan Chevrolet found him on the ground after his alleged fall. An ambulance transported Presnell to a hospital

in Troy, Michigan, where he was treated in the emergency room and admitted to the hospital for a five-day stay. All this occurred in the Eastern District of Michigan.

When Presnell returned to his home in Gray, Tennessee, he continued to receive treatment for his injuries from at least seven other medical providers, all located in or around Johnson City, Tennessee. Presnell's father, who was also at Buff Whelan Chevrolet at the time of Presnell's alleged fall, lives in Johnson City. Gray and Johnson City are within the Eastern District of Tennessee. At the time of Presnell's alleged fall, his employment with URS Midwest, Inc. was based in Spring Hill, Tennessee, although that terminal has since closed.[1]

The Presnells filed suit to recover for Dale Presnell's injuries. They originally filed this case in the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois. They allege that Cottrell and United designed, tested, manufactured and/or altered the car-hauler rig at issue in this case. Presnell alleges that the defendants are liable for his injuries under theories of products liability, negligence, breach of implied warranty, fraud and willful and wanton injury. Lori Presnell also seeks to recover for loss of consortium. Cottrell removed the case to federal court under 28 U.S.C. § 1441(a), relying on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a).

United now asks the Court to transfer this case to the United States District Court for the Eastern District of Michigan or, in the alternative, to the United States District Court for the Eastern District of Tennessee. The Presnells agree that the case should be transferred but to the United States District Court for the Northern District of Georgia, where Cottrell's engineers and other witnesses are located, or, in the alternative, "to a Court in Tennessee of plaintiff's [*sic*]

---

[1] It is not entirely clear in which district Spring Hill lies. A Mapquest search reveals that there are seven Spring Hills in Tennessee.

choice." United is a citizen of Delaware and Michigan, Cottrell is a citizen of Georgia, and the Presnells are citizens of Tennessee.

## II. Transfer Standards

United does not contest that venue is proper in the Southern District of Illinois under 28 U.S.C. § 1391 and therefore does not seek a change of venue pursuant to 28 U.S.C. § 1406, which governs transfer or dismissal when venue is improper. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). Instead, United relies exclusively on 28 U.S.C. § 1404(a), under which a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen*, 376 U.S. at 622; *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622). "The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient," *Coffey*, 796 F.2d at 219-20, and the Court must give some weight in favor of the forum in which the plaintiff chose to file the complaint, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982).

Courts frequently consider specific factors such as the plaintiff's choice of forum, the location of the relevant events, documents and evidence, the convenience to the witnesses and

3

parties, the relation of the controversy to the forum, the court's familiarity with the applicable law and the speed with which a case can be tried. *Methode Elecs., Inc. v. Delphi Auto. Sys. LLC*, 639 F. Supp. 2d 903, 907 (N.D. Ill. 2009). Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," including where the litigants are more likely to receive a speedy trial. *Coffey*, 796 F.2d at 221.

### III.   Analysis

In light of the Presnells' concession that the case should not be tried in Illinois, the Court finds that transfer is appropriate. Indeed, there are no substantial connections between Illinois and this controversy, and trying the case in any of the three districts contemplated by the parties would be clearly more convenient than trying the case in the Southern District of Illinois. Furthermore, the interests of justice strongly weigh against trying this case in a district that has no colorable interest in the controversy.

That leaves the question of the proper forum to which this case should be transferred. Venue appears to be proper and jurisdiction appears to exist over all defendants in the Eastern District of Michigan, the Eastern District of Tennessee and the Northern District of Georgia. In answering the venue question, the Court looks to the same factors used to answer the threshold question of whether transfer is proper. In light of the particular circumstances of this case, the Court finds that United has met its burden of showing that the Eastern District of Michigan is the most convenient of the three districts the parties contemplate and that a transfer of venue to that district is in the interest of justice.

A.	Plaintiffs' Chosen Forum

Ordinarily the Court should give this factor substantial weight and should rarely transfer a case from the plaintiff's selected forum. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003). However, the importance of the plaintiffs' choice of forum is reduced when the plaintiffs do not live in the forum, few relevant events occurred in the forum and other factors weigh heavily in favor of a transfer. That is the situation in this case. Additionally, the plaintiffs' choice is rendered moot by their agreement that a transfer is appropriate in light of the absence of connections between Illinois and this case.

The Court gives the plaintiffs' request for transfer to Georgia, where both defendants maintain offices, or "to a Court in Tennessee of plaintiff's [*sic*] choice" little weight in light of the fact that they could have but did not choose to file this case in those places to begin with. Further, the Presnells' alternative request for a transfer "to a Court in Tennessee of plaintiff's [*sic*] choice" is too vague and is unsupported by any argument.

B.	Convenience to the Witnesses

A majority of the non-party witnesses who can testify to the circumstances of Presnell's alleged fall and its immediate aftermath– the person who found him and the first responders – are located in Michigan. Trial in the Eastern District of Michigan would clearly be more convenient for them. Presnell's father, who may also testify about Presnell immediately following the alleged fall, is the only non-party, non-medical witness for whom a Tennessee forum would be more convenient. None of the witnesses connected to Presnell's allege fall reside in Georgia.

As for Presnell's medical providers, those who treated him immediately after his alleged fall are in the Eastern District of Michigan, and those who treated him after he returned home are

5

in the Eastern District of Tennessee. Clearly live testimony for each group would be more convenient in its home court. However, with respect to these witnesses, the convenience factor is rendered somewhat less important by the fact that, unlike eyewitness testimony, medical witness testimony is often presented by video deposition and does not require personal appearance at trial. In sum, in light of their relatively even distribution between Michigan and Tennessee and the likelihood that they will not testify in person, these witnesses' convenience favors neither Michigan nor Tennessee, but counsels against Georgia, where none are located.

The Court now turns to the parties themselves. It is logical that trial in the Eastern District of Tennessee would be more convenient for the Presnells. However, by their originally filing this case in St. Clair County, Illinois, the Presnells have demonstrated a willingness and ability to travel a substantial distance from their home – more than 550 miles – to litigate this case. It should therefore be no less convenient for them to travel a roughly equivalent distance to a courthouse in the Eastern District of Michigan. Additionally, the Presnells now request a trial in Gainesville, Georgia, more than 200 miles from their home. Clearly, travel is no obstacle to the Presnells. The Court, therefore, does not give their convenience much weight.

United's and URS Midwest, Inc.'s witnesses with knowledge relevant to this case are concentrated in the Eastern District of Michigan, where both companies have their principal places of business, although one witness with knowledge about the Spring Hill, Tennessee, terminal still resides in Tennessee. The Eastern District of Michigan is clearly most convenient for most of these witnesses.

Cottrell's witnesses involved in the design, testing and manufacturing of the car-hauler rig in question presumably reside in the Northern District of Georgia, Cottrell's principal place of business. However, by joining in United's motion to transfer and by failing to join the

Presnells' alternative proposal that the case be transferred to the Northern District of Georgia, Cottrell has expressed its preference for a transfer to either of the two venues suggested by United. Therefore, the Court gives little weight to the convenience of a Georgia forum to Cottrell's witnesses.

On balance, it appears that the Eastern District of Michigan is slightly more convenient to the important witnesses in this case than the Eastern District of Tennessee and is clearly more convenient than the Northern District of Georgia.

As for the location of the documentary evidence, considering the pervasive use and availability of electronic records and methods of transmission, this factor weighs in favor of none of the districts.

    C.    <u>Interest of Justice</u>

The interest of justice warrants trying this case in the Eastern District of Michigan.

The efficient and speedy administration factor favors no district. The average length of time from filing to disposition in the Eastern District of Michigan and the Eastern District of Tennessee is negligible and varies from year to year, so the Court gives little weight to that factor. The Presnells have provided no data showing a Georgia forum would be substantially more efficient or speedy.

The Court is further mindful that the United States District Court for the Eastern District of Michigan has a strong interest in resolving cases involving injuries that occur in that district. It is also more likely to be adept at applying Michigan substantive law, which is likely to be applicable in this case since Michigan was the site of the alleged injury.

In sum, the interests of justice weigh in favor of a transfer to the Eastern District of Michigan.

## IV. Conclusion

For these reasons, the Court finds that the convenience of the witnesses and the parties and the interest of justice favor litigating this action in the Eastern District of Michigan. Accordingly, the Court **GRANTS** United's motion to transfer (Doc. 43) and **TRANSFERS** this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Michigan.

**IT IS SO ORDERED.**
**DATED:  April 28, 2010**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**